Opinion issued July 9, 2009










In The
Court of Appeals
For The
First District of Texas




NOS. 01-07-00907-CV
           01-09-00544-CV




AZTECK INTERNATIONAL BUSINESS CORPORATION, Appellant

V.

UPI COMMUNICATIONS, Appellee




On Appeal from the 295th District Court
Harris County, Texas
Trial Court Cause No. 2005-78680




MEMORANDUM OPINION
          Appellant, Azteck International Business Corporation, sued appellee UPI
Communications and others for breach of contract, fraud, and violation of the
Deceptive Trade Practices-Consumer Protection Act related to wireless telephone
services. See Tex. Bus. & Com. Code Ann. §§ 17.41–.63 (Vernon 2002 & Supp.
2008) (DTPA). On June 13, 2007, the district court ordered the claims arising out of
Azteck’s contracts with UPI involving T-Mobile service to be arbitrated. After a jury
trial followed by motions for a directed verdict and a judgment notwithstanding the
verdict, the district court rendered a September 24, 2007 interlocutory take-nothing
judgment related to claims arising out of Azteck’s contracts with UPI involving
AT&T and Cingular Wireless services. On October 19, 2007, Azteck filed its notice
of appeal, seeking to appeal the “portion of the judgment” related to the contracts
involving AT&T and Cingular Wireless services. This appeal was docketed in this
Court as case number 01-07-00907-CV.




          On September 29, 2008, the district court signed the following:
ORDER ON PLAINTIFF’S MOTION FOR RELIEF
On ________________, the Court held a hearing on Plaintiff’s motion
for Relief. After due consideration of the Motion for Relief’s Evidence,
including documentary evidence, and the arguments of counsel, this
Court finds that Plaintiff’s Motion is
 
 • DENIED
 
___________GRANTED

                                                                        /s/ Tracy Christopher
                                                                                  9/29/08
Azteck’s “motion for relief” was an objection to arbitration on what it describes as
the “August 8, 2002 Sub-Dealer Agreement.” In that motion, Azteck argued that the
district court ordered the “May 1, 2001 Sub-Dealer Agreement” to be arbitrated, but
not the “August 8, 2002 Sub-Dealer Agreement.”
          The district court denied the “motion for relief,” and Azteck filed a notice of
appeal on October 16, 2008, seeking an interlocutory appeal pursuant to Civil
Practice and Remedies Code section 171.098(a)(3). See Tex. Civ. Prac. & Rem.
Code Ann. § 171.098(a)(3) (Vernon 2005) (“A party may appeal a judgment or
decree entered under this chapter or an order . . . confirming or denying confirmation
of an award.”). This attempted statutory interlocutory appeal was docketed in this
Court as a part of existing case number 01-07-00907-CV, rather than as a separate
statutory interlocutory appeal.



          UPI filed a November 20, 2007 motion to dismiss the appeal of the
September 24, 2007 interlocutory take-nothing judgment and a November 12, 2008
motion to dismiss the attempted statutory interlocutory appeal of the September 29,
2008 order denying the “motion for relief.” See Tex. R. App. P. 42.3 (involuntary
dismissal in civil cases). Both motions to dismiss are meritorious.
          The September 24, 2007 order is expressly interlocutory, and there has been
no severance. Absent statutory authorization for an interlocutory appeal, this Court
has jurisdiction only to review final judgments of the district or county court in a civil
case in which the judgment or amount in controversy exceeds $100. See Tex. Civ.
Prac. & Rem. Code Ann. § 51.012 (Vernon 2008).
          Azteck claims the September 29, 2008 order is a permissible statutory
interlocutory appeal under Civil Practice and Remedies Code section 171.098(a)(3),
because it is an order confirming an arbitral award. Azteck cites no authority for this
proposition, and we know of none. The record contains no arbitral award. 
Furthermore, the appeal of the September 29, 2008 order is now moot, because the
district court on May 14, 2009 ordered the parties to arbitration on the “August 8,
2002 Sub-Dealer Agreement.”



          We grant both motions to dismiss and dismiss appellate case numbers
01-07-00907-CV and 01-09-00544-CV for want of jurisdiction.
 
 

                                                             Jim Sharp
                                                             Justice
 
Panel consists of Chief Justice Radack and Justices Sharp and Taft.